[Cite as *Clough v. Haines*, 2018-Ohio-2803.]

STATE OF OHIO         )               IN THE COURT OF APPEALS
                          )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

ALAN CLOUGH                      C.A. No.      17CA011200

      Appellant

      v.                               APPEAL FROM JUDGMENT
                                    ENTERED IN THE
CAROLE HAINES                 COURT OF COMMON PLEAS
                                    COUNTY OF LORAIN, OHIO
      Appellee                CASE No.     17CV191510

DECISION AND JOURNAL ENTRY

Dated: July 16, 2018

HENSAL, Judge.

{¶1}  Alan Clough appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Carole Haines on his defamation and false light claims. For the following reasons, this Court affirms.

I.

{¶2}  Ms. Haines hired a home improvement company owned and operated by Mr. Clough to construct a car port at her house. During the project, the company and Ms. Haines had a falling out that resulted in them suing each other for breach of contract. While the action was pending, Ms. Haines sent Facebook messages to someone that the work Mr. Clough had done at her house was "full of code violations[,]" that Mr. Clough "[n]ever got the proper permits[,]" and that Mr. Clough "can't do business in Lorain County because he ran out on so many jobs." Although the parties eventually settled their claims, Mr. Clough later found out about Ms. Haines's messages. He subsequently sued her for defamation and false light. Ms. Haines moved

for summary judgment, arguing that the information in her messages was true. She also argued that Mr. Clough's claims were barred under the settlement agreement that they had signed in the breach-of-contract action. Following Mr. Clough's response to the motion, the trial court granted summary judgment to Ms. Haines. It determined that, although Mr. Clough's claims were not barred by the settlement agreement, he had failed to submit any evidence to rebut Ms. Haines's evidence under Civil Rule 56(C). It, therefore, concluded that Ms. Haines was entitled to judgment as a matter of law. Mr. Clough has appealed, assigning as error that the trial court incorrectly granted summary judgment to Ms. Haines.

## II.

### ASSIGNMENT OF ERROR

THE LOWER COURT'S GRANTING OF HAINES' SUMMARY JUDGMENT WAS UNWARRANTED AND SHOULD BE REVERSED BECAUSE HAINES DID NOT MEET HER BURDEN OF PROOF REQUIRED UNDER *DRESHER V. BURT* REQUIRING HER TO PROVE THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT SINCE HAINES DID NOT DEMONSTRATE THAT CLOUGH HAD "NO EVIDENCE TO PROVE HIS CASE[.]"

{¶3}   Mr. Clough argues that Ms. Haines failed to meet her summary judgment burden. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that

there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶4} Mr. Clough asserted two claims in his complaint: defamation and false light. A defamation claim includes five elements: "(1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff." *Northeast Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, ¶ 7 (9th Dist.), quoting *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (9th Dist.1996). Regarding a claim of false light, the Ohio Supreme Court has held:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, syllabus.

{¶5} Mr. Clough's claims were based on two messages that Ms. Haines sent on Facebook. The first stated: "Call me * * *, I have a whopper of a case against A[d]miral and Alan Clough. He also did the same thing to my neighbor. I've been in court with him for two years. I'll do whatever I can to help you." The second stated: "He left me with this lovely car port for 80k that was so full of code violations I had to test (sic) half of it down to finish it. Never got the proper permits and took off with 80% of the. Insurance (sic) money. He can't do business in Lorain County because he ran out on so many jobs. Then liened my house."

{¶6} Ms. Haines submitted an affidavit in support of her motion for summary judgment. In the affidavit, she averred that, while the previous action was proceeding, a woman contacted her on Facebook to ask about the problems she had with Mr. Clough and his company.

She averred that she answered the woman with the two messages that were the basis of Mr. Clough's defamation and false light claims. She also averred that "[a]ll of the statements I made about [the company] and [Mr. Clough] as the sole owner and operator are true."

{¶7} "[T]ruth is a complete defense to a claim for defamation." *Ed Schory & Sons v. Francis*, 75 Ohio St.3d 433, 445 (1996). Upon review of Ms. Haines's affidavit, we conclude that her assertion that the allegations in her Facebook messages were true satisfied her burden under *Dresher* as to Mr. Clough's defamation claim.

{¶8} Regarding Mr. Clough's false light claim, Ms. Haines averred that she shared her thoughts about Mr. Clough and his company because the woman who contacted her "already had a low opinion of [him] and his company." She also averred that her reply was to the woman only "and not intended for anyone else[.]" The Ohio Supreme Court has held that the statement on which a false-light claim is based "must be untrue." *Welling*, 113 Ohio St.3d 464, 2007-Ohio-2451, at ¶ 52. Second, the information must be publicized, which is different from being published. *Id*. To qualify as publicized, the statement must either be communicated to the public at large or to so many persons that it must be regarded as substantially certain to become public knowledge. *Id*. at ¶ 53. We conclude that Ms. Haines's assertions that her statements were true and that she only published them to one individual satisfied her burden to demonstrate that she was entitled to judgment on the false light claim as a matter of law.

{¶9} Mr. Clough does not dispute the trial court's determination that he did not meet his reciprocal burden under Rule 56(E). Accordingly, upon review of the record, we conclude that the trial court correctly granted summary judgment to Ms. Haines on Mr. Clough's defamation and false light claims. Mr. Clough's assignment of error is overruled.

## III.

**{¶10}** Mr. Clough's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER L. HENSAL
FOR THE COURT

TEODOSIO, P.J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

ALAN CLOUGH, Pro Se, Appellant.

ANTHONY B. GIARDINI, Attorney at Law, for Appellee.